TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Tiffany Mulet

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiffany Mulet, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| The University of Phoenix, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Tiffany Mulet, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA"), and the invasions of Plaintiff's personal privacy by Defendants.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Tiffany Mulet (hereafter "Plaintiff"), is an adult individual residing at 2560 South Ocean Boulevard #215, Palm Beach, Florida 33480, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

5. The Defendant, The University of Phoenix, Inc. (hereafter "University of Phoenix"), is a company with an address of 4025 South Riverpoint Parkway, Phoenix, Arizona 85040, and is a "person" as defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Phoenix and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

2

7. The at all times acted by and through one or more of the Agents.

**FACTS**

8. Within the last four years, University of Phoenix placed multiple calls to Plaintiff's cellular telephone [407-XXX-4049] by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9. When Plaintiff answered calls from University of Phoenix, she would hear ringing before being connected to a live person.

10. On other occasions, when Plaintiff answered calls from University of Phoenix, she would hear a prerecorded message.

11. During Plaintiff's first conversation with University of Phoenix and during each and every conversation thereafter, Plaintiff stated that she was not interested in the education programs offered by University of Phoenix and instructed University of Phoenix to cease all calls to her cellular telephone.

12. Despite Plaintiff's repeated requests, University of Phoenix continued to place calls to Plaintiff's cellular telephone.

13. Plaintiff never provided her consent to University of Phoenix to be contacted on her cellular telephone.

14. If at one time University of Phoenix had obtained Plaintiff's express consent to place calls to her cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein, University of Phoenix called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.

18. University of Phoenix's telephone systems have all the earmarks of a predictive dialer.

19. When Plaintiff answered University of Phoenix's calls, she would hear ringing before being connected to a live person, or she would hear a prerecorded message.

4

20. Upon information and belief, University of Phoenix's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Plaintiff did not provide and/or revoked her consent to be contacted on her cellular telephone, and in fact instructed University of Phoenix on multiple occasions to stop all calls to her cellular telephone.

22. University of Phoenix continued to place automated calls to Plaintiff's cellular telephone after being advised multiple times to cease all calls. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

23. The telephone number called by University of Phoenix was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

24. The calls from University of Phoenix to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Each of the aforementioned calls made by University of Phoenix constitutes a violation of the TCPA.

26. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

5

27.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendant violated Arizona state law.

31.     University of Phoenix intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above-referenced telephone calls.

32.     The telephone calls made by University of Phoenix to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33. The conduct of University of Phoenix in engaging in the illegal calling activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial.

35. All acts of University of Phoenix were committed with malice, intent, wantonness, and recklessness; as such, University of Phoenix is subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against Defendants as follows:

   A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

   B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

   C. Actual damages from Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial;

   D. Punitive damages; and

7

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 17, 2014          LEMBERG LAW, LLC


By: */s/  Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Tiffany Mulet